# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT COLON, | 1:07-cv-01023-AWI-SMS-PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO AMEND COMPLAINT AND MOTION TO ADD EXHIBIT TO COMPLAINT |
| TILTON, et al., | (Docs. 15, 16.) |
| Defendants. | |

**I.   BACKGROUND**

Gilbert Colon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on July 18, 2007. (Doc. 1.) On December 19, 2008, the court dismissed the complaint with leave to amend. (Doc. 11.) On February 24, 2009, plaintiff filed the first amended complaint. (Doc. 14.) On April 6, 2009, plaintiff filed a motion to add a document as "Exhibit H" to the first amended complaint. (Doc. 15.) On April 21, 2009, plaintiff filed a motion to amend the first amended complaint to add additional information. (Doc. 16.) Plaintiff's motions are now before the court.

///
///
///

II.     MOTION TO AMEND COMPLAINT

    A.     **Legal Standards**

        *Rule 15(a)*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, plaintiff has previously amended the complaint. Therefore, plaintiff may not amend the complaint again without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

        *PLRA Exhaustion Requirement*

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner

and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth, 532 U.S. at 741.

In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict."  Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)."  Id. at 983.  Allowing plaintiff to pursue claims that arose after this suit was filed would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit.  McKinney, 311 F.3d at 1199-1201.

**B.  DISCUSSION**

Plaintiff seeks to amend the complaint to include events occurring as recently as April 15, 2009, regarding his efforts to consult with his counselor at Centinela State Prison ("CEN") about his visitation restrictions and a new "code" being used on plaintiff's paperwork at CEN.  Pltf's M, Doc. 16 at 1-2.  Plaintiff also seeks to add a copy of a document on form CDC-12BG as Exhibit "H" to the complaint.  The form, which plaintiff submitted for the court's review, contains minutes of plaintiff's Initial Classification Hearing at CEN held on September 24, 2008, and consists largely of a recitation of plaintiff's history, for determination of his classification and accommodations at the prison, including his ineligibility for family visitations.  Ex. to Pltf's Motion, Doc. 15 at 3.  According to the information on the form, plaintiff was received at CEN on September 11, 2008.  Id.

Pursuant to section 1997e(a) of the PLRA, plaintiff may not add new allegations that arose after this suit was filed.  All claims at issue in this action must have been exhausted by July 18, 2007.  Any claims not fully exhausted before July 18, 2007, are subject to dismissal.  The information plaintiff seeks to add to the complaint concerns events at CEN occurring as late as April 15, 2009.  Plaintiff was not transferred to CEN until September 11, 2008.  Therefore, the events he seeks to add occurred *after* July 18, 2007 and cannot have been exhausted before the complaint was filed.  Because unexhausted claims are subject to dismissal, it would be futile for plaintiff to amend the complaint to add them. Therefore, leave to amend shall be denied as to

such claims.  For the same reasons, plaintiff shall not be permitted to add an exhibit documenting an event occurring on September 24, 2008, well after the complaint was filed.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to add an exhibit to the complaint, filed on April 6, 2009, and plaintiff's motion to amend the complaint to add information, filed on April 21, 2009, are DENIED.

IT IS SO ORDERED.

**Dated:   November 12, 2009**                          /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE