**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT COLON,<br><br>        Plaintiff,<br><br>  v.<br><br>TILTON, et. al.,<br><br>        Defendants.<br>_____ / | 1:07-cv-01023-AWI-SMS (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S CLAIMS UNDER THE EIGHTH AMENDMENT AND TO ALLOW THE CASE TO PROCEED ON PLAINTIFF'S CLAIMS UNDER THE FOURTEENTH AMENDMENT<br><br>(Doc. 14) |

**I.   FINDINGS**

Gilbert Colon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his complaint on July 18, 2007.  (Doc. 1.)  The Court screened the Complaint and dismissed it with leave to amend.  (Doc. 11.)  On February 24, 2009, Plaintiff filed his First Amended Complaint.  (Doc. 14.)

    **A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (*quoting* Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949; *see also* Moss v. U.S. Secret Service, ___ F.3d ___, 2009 WL 2052985, *6, (9th Cir. 2009) *ref* Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 556-557.

2

**B.     Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at Centinella State Prison in Imperial, California.  At the time of the events in question, he was housed at Sierra Conservation Center (SCC) in Jamestown, California.  Plaintiff names Defendants: Assistant Warden M. Sullivan; Captain M. Martin; J. Tennison, CCII; M. Cooper, CCII; and S. Hay, CCI.

Plaintiff alleges that on August 31, 2005, Defendants promulgated a vague, new regulation ("the 2005 regulation") which was arbitrarily implemented so as to result in prohibiting Plaintiff from visitation with his children and grandchildren.  For approximately fourteen years prior to this new visitation restriction being implemented, Plaintiff was regularly allowed visitation with his children and grandchildren.

Plaintiff alleges that these circumstances violated his rights under the Eight and Fourteenth Amendments and seeks relief by way of declaration, injunction, and monetary damages.  Plaintiff states cognizable claims under the Fourteenth Amendment, but fails, and appears unable to correct deficiencies in his pleading via amendment to state cognizable claims so as to justify dismissal of his claims under the Eighth Amendment.

**C.     Claims for Relief**

**1. Fourteenth Amendment**

**a. Due Process**

Plaintiff's entire complaint is premised on the action(s) by prison personnel that, after fourteen years of being able to receive visits from his children and grandchildren, prohibited him from receiving such visitors.

"An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." Overton v. Bazzetta, 539 U.S 126, 131 (2003).  Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." Id.  It is settled law that prisoners have no absolute right to unfettered visitation. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).  Prisoners also have no right to contact visitation. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir.

3

1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113-114 (9th Cir. 1986).  However, a parent does have a fundamental interest in maintaining his relationship with his child.  Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001).  Yet a parent's incarceration places substantial restrictions on his rights of association, even with his family.  Overton v. Bazzetta, 539 U.S. 126, 131 (2001).

Basic conceptions of due process require that legal rules, including prison regulations, be defined with sufficient clarity such that people of reasonable intelligence will be able to discern what conduct is prohibited.  *See* Grayned v. City of Rockford, 408 U.S. 104, 108 (1972); United States v. Kim, 449 F.3d 933, 941-42 (9th Cir. 2006); Gospel Mission of Am., A Religious Corp v. City of Los Angeles 419 F.3d 1042, 1047 (9th Cir. 2005); Freedom to Travel Campaign v. Newcomb, 82 F.3d 1431, 1439 n. 11 (9th Cir. 1996); Newell v. Sauser 79 F.3d 115, 117 (9th Cir. 1996) ("due process requires fair notice of what conduct is prohibited before a sanction can be imposed"); United States v. Ayala, 35 F.3d 423, 424-25 (9th Cir. 1994).  A challenged regulation may also be void for vagueness because it encourages "arbitrary and discriminatory enforcement."  Gonzales v. Carhart, 550 U.S. 124, 149 (2007); Hill v. Colorado, 530 U.S. 703, 732 (2000);  Kolender v. Lawson, 461 U.S. 352, 357 (1983); Posters 'N' Things, Ltd. v. United States, 511 U.S. 513, 525 (1994).  Vague laws that implicate First Amendment rights also have the "potential for arbitrarily suppressing First Amendment liberties." U.S. v. Jae Gab Kim, 449 F.3d 933, 941-42 (9th Cir. 2006) *quoting* Shuttlesworth v. City of Birmingham, 382 U.S. 87, 91 (1965).

Plaintiff has a liberty interest in his relationship with his children, which he alleges was infringed upon via the positions taken in the Classification Committee hearing and the erroneous implementation of the 2005 regulation which was vague so as to allow it to be arbitrarily enforced against him.  Plaintiff's allegations that the 2005 regulation was vague and that Defendants M. Sullivan, A.W.; Captain M. Martin; J. Tennison, CCII; M. Cooper, CCII; and S. Hay, CCI arbitrarily implemented it against him (and not against others with similar convictions) are sufficient to state cognizable claims.  Further, because a balancing of Plaintiff's rights with possible penological interests behind the promulgating and implementation of the 2005

regulation requires the parties to make an evidentiary showing as to their positions, the Court is not in a position to make a determination at the pleading stage.  Barrett v. Belleque, 544 F.3d 1060 (9th Cir. 2008).

### b.  Equal Protection

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against Plaintiff or against a class of inmates which included Plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Equal protection claims may be brought by a "class of one" where "the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Id. *ref*. Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336 (1989).  " 'The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.' "  Id.

Plaintiff's allegations that Defendants M. Sullivan, A.W.; Captain M. Martin; J. Tennison, CCII; M. Cooper, CCII; and S. Hay, CCI arbitrarily and improperly executed the 2005 regulation against him (and not against others with similar convictions) are sufficient to state cognizable claims for violation of his rights under the Equal Protection Clause of the Fourteenth Amendment.

### 2. Eighth Amendment – Cruel & Unusual Punishment

Plaintiff generally alleges that the imposition of the 2005 regulation, which caused him to be unable to receive his children and grandchildren for visitation violated his rights under the Eighth Amendment.

The Eighth Amendment prohibits punishments which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain," Gregg v. Georgia, 428 U.S. 153, 173 (1976), or are grossly disproportionate to the severity of the crime, Coker v. Georgia, 433 U.S. 584, 592 (1977) (*plurality opinion*); Weems v. United States, 217 U.S. 349 (1910).

5

"But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Even if denial of visitation amounted to an infliction of pain, the Eighth Amendment would not prohibit the denial unless the pain were inflicted wantonly and without penological justification. Id. at 346. However, "to the extent that conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." Id. at 347. The Supreme Court has held that prison regulations that subjected inmates with two substance-abuse violations to a ban on visitation for two years, subject to their right to apply for a lifting ban after two years, did not violate the Eighth Amendment prohibition against cruel and unusual punishment. Overton v. Bazzetta, 539 U.S. 126 (2003).

Further, "withdrawal of visitation privileges for a limited period as a regular means of effecting prison discipline . . . is not a dramatic departure from accepted standards for conditions of confinement." Id. 539 U.S. at 137, *cf.* Sandin v. Conner, 515 U.S. 472, 485 (1995). "Nor does [such] regulation create inhumane prison conditions, deprive inmates of basic necessities, . . . fail to protect [inmates'] health or safety. . . . [n]or does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur." Overton, 539 U.S. at 137, *ref, e.g.*, Estelle v. Gamble, 429 U.S. 97 (1976); Rhodes v. Chapman, 452 U.S. 337 (1981). A permanent prohibition, or withdrawal of all visitation privileges for a period much longer than two years, and/or arbitrary application of such restrictions to a particular inmate would present different considerations, Overton, 539 U.S. at 137, but such is not the case here.

Based on Plaintiffs' allegations that imposition of the 2005 regulation prohibited him from visits solely with his children and grandchildren simply does not rise to the level of cruel and unusual under contemporary standards of decency. Thus, Plaintiff is unable and fails to state a cognizable claim for violation of his rights under the Eighth Amendment.

## II.     RECOMMENDATION

Plaintiff's First Amended Complaint states a cognizable claim for relief against

Defendants Assistant Warden M. Sullivan; Captain M. Martin; J. Tennison, CCII; M. Cooper, CCII; and S. Hay, CCI for violation of his rights to due process and equal protection under the Fourteenth Amendment. However, Plaintiff's First Amended Complaint does not state a claim upon which relief may be granted under the Eighth Amendment.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's First Amended Complaint, filed February 24, 2009 against Defendants Assistant Warden M. Sullivan; Captain M. Martin; J. Tennison, CCII; M. Cooper, CCII; and S. Hay, CCI for violation of his rights under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment;

2. Plaintiff's claims against Defendants Assistant Warden M. Sullivan; Captain M. Martin; J. Tennison, CCII; M. Cooper, CCII; and S. Hay, CCI for violation of his rights under the Eighth Amendment be dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 19, 2009**             /s/ Sandra M. Snyder
                                                                        UNITED STATES MAGISTRATE JUDGE