1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9    GILBERT F. COLON,                          CASE NO. 1:07-cv-01023-AWI-GBC PC

10                   Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DEFENDANTS' MOTION
11          v.                                  TO DISMISS BE GRANTED

12   M. SULLIVAN, et al.,                       (Doc. 24)

13                   Defendants.                THIRTY-DAY DEADLINE
                                        /

14

15   **I.      Background**

16          Plaintiff Gilbert F. Colon ("Plaintiff") is a state prisoner who is proceeding pro se and in

17   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is serving a twenty

18   year to life sentence in state prison and is currently housed at Centinela State Prison in Imperial,

19   California.  (Doc. 14, Amend. Comp., p. 7.)

20          Plaintiff was convicted of the murder of a 16 year old that occurred on January 19, 1993.

21   (Id., p. 30.)   On August 13, 2005, Plaintiff appeared before the Sierra Conservation Center

22   Classification Committee ("SCCCC") and  the committee affirmed a restriction, pursuant to Title

23   15, California Code of Regulations, § 3173.1,[1] that Plaintiff could no longer have visits with minors

24

---

25          [1] On May 22, 2003, California enacted a new section, which provided that "[v]isiting with minors shall be
     prohibited for any inmate sentenced to prison for violating Penal Code section(s) 261, 264.1, 266c, 273d, 285, 286,
26   288, 288a, 288.5, or 289 unless specifically authorized by a juvenile court, pursuant to Welfare and Institutions Code
     section 362.6. Inmates may be prohibited from having contact or non-contact visits where substantial evidence (e.g.,
27   court transcripts, police or probation officer reports or parole revocation hearing findings describing the misconduct)
     of the misconduct described in section 3177(b)(1) exists, with or without a criminal conviction."  Cal. Code Regs.,
28   tit. 15, § 3173.1 (West 2008).
            In 2005, the regulation was revised to add, that"[f]or inmates convicted of violating PC Section(s) 187, 269,

1

1  under 18 years of age.  (Id., p. 33.)

2      Plaintiff filed a writ of habeas corpus on November 1, 2006, in the Superior Court of

3  California, County of Tuolumne alleging that the California Department of Corrections and

4  Rehabilitation ("CDCR") "acted in excess of its authority in implementing the 2003 amendments

5  to 15 [California Code of Regulations] § 3173.1" and "the actions of the [SCCCC] in denying him

6  visitation with minors in accordance with the above regulation was [sic] arbitrary and capricious."

7  (Id., p. 54.)  The writ was denied on December 6, 2006, in an order stating Plaintiff had "not made

8  a prima facie showing that the institution has violated any statute or regulation.  Administrative

9  regulations, properly authorized, are presumptively valid.  Petitioner has not met his burden of

10  demonstrating invalidity."  (Id.)  A petition for a writ of habeas corpus was filed in the Court of

11  Appeal for the State of California on January 10, 2007.  The petition was denied on May 11, 2007,

12  because the Plaintiff failed to show that he exhausted his superior court habeas remedies on all of

13  his claims. (Doc. 14, Amend. Comp., p. 77.)  A petition for a writ of habeas corpus was filed with

14  the Supreme Court of California on June 15, 2007, requesting the Court to declare invalid 15 CCR

15  § 3173.1(d).  (Id., p. 21.)  On June 27, 2007, the Supreme Court of California denied Plaintiffs

16  petition for writ of habeas corpus.  (Id., p. 79.)

17      The complaint in this action was filed on July 18, 2007.  (Doc. 1.)  On December 19, 2008,

18  an order dismissing the complaint with leave to amend was filed.  (Doc. 11.)  A first amended

19  complaint was filed on February 24, 2009.  (Doc. 14.)  Findings and recommendations were issued

20  on November 19, 2009. (Doc. 18.)  An order adopting the findings and recommendations to proceed

21  only on Fourteenth Amendment claims was filed on February 9, 2010.  (Doc. 19.)  Defendants filed

22  a motion to dismiss on May 4, 2010, on the grounds that Plaintiff is precluded from bringing this

23  action by the doctrine of res judicata. (Doc. 24, p. 1.)  Plaintiff filed an opposition on June 30, 2010.

24  (Doc. 29.)  Defendants did not file a reply.  Defendants brought the motion to dismiss under Federal

25  Rule of Civil Procedure 12(b)(6).

26

27  ────────────
    273a, 273ab, or 273d, when the victim is a minor, visitation with any other minor shall be limited to non-contact

28  status except as authorized by the Institution Classification Committee."  Cal. Code Regs., tit. 15, § 3173.1(d) (West
    2008).

2

1   II.     **Discussion**

2           A.      **Legal Standard**

3            "The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California

4   Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain

5   statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2).

6   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

7   to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

8   (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service,

9   572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this

10  plausibility standard. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969. Detailed factual

11  allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

12  by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S.

13  at 555).

14          However, the court can consider documents extrinsic to the complaint      where the

15  authenticity is undisputed and  they are integral to the claims. Fields v. Legacy Health Systems, 413

16  F.3d 943, 958 n 13 (9th Cir. 2005). Additionally "a court may take judicial notice of 'matters of

17  public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Mack v.

18  South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). Claim preclusion may be raised in

19  a Rule 12(b)(6) motion. See Holcombe v. Hosmer, 477 F.3d 1094 (9th Cir. 2007).

20          B.      **Res Judicata**

21          The doctrine of res judicata bars a second lawsuit on any claims arising from the same facts

22  that were or could have been brought in a prior action. Stewart v. U. S. Bancorp, 297 F.3d 953, 956

23  (9th Cir. 2002); Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982). Res

24  judicata   applies where the earlier suit involved the same claim or cause of action, the final

25  judgement was on the merits, and the current suit involves the same parties or there is privity

26  between parties. Stewart, 297 F.3d at 956; Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir.

27  1993).

28          Plaintiff's argument that res judicata "actually means addressing the same issue of a case in

3

1    the same court more than once  when it already has been resolved or ruled on" is clearly without

2    legal merit.  Takahashi v. Board of Trustees of Livingston Union School District, 783 F.2d 848, 850-

3    51 (9th Cir. 1986); 28 U.S.C. § 1738.

### 1.    **Cause of Action**

5         In determining if the current action involves the same claim this circuit considers "(1)

6    whether rights or interests established in the prior judgment would be destroyed or impaired by

7    prosecution of the second action; (2) whether substantially the same evidence is presented in the two

8    actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two

9    suits arise out of the same transactional nucleus of facts."  Costantini, 681 F.2d at 1201-02 (quoting

10   Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980)); see Nordhorn, 9 F.3d 1402 at 1405.  The most

11   important consideration is whether the actions arise out of the same nucleus of facts.  Costantini, 681

12   F.2d at 1202.

13        Plaintiff filed the state court case challenging the constitutionality of the statute itself and

14   alleging that the application of the statute to Plaintiff was arbitrary and capricious.  (Doc. 14, p. 27,

15   51-52.)  These are the same claims that Plaintiff is making in the current action.  (Id., pp. 8, 13, 14,

16   19.)  The facts of both actions are identical, implicate the same rights, and evidence would be

17   identical in both actions.  Plaintiff brought both claims seeking injunctive relief shielding him from

18   the requirements of the statute.  (Doc. 14, p. 20, 27.)  A decision by this court in this matter would

19   infringe upon the rights decided in the state court decision. Additionally, Plaintiff states that he has

20   previously addressed the issues that are in contention here. (Doc. 29, p. 16.)  The original action and

21   current action involve the identical cause of action.

### 2.    **Judgment on the Merits**

23        Federal courts  give a state court judgment the same preclusive effect that the judgment

24   would  have in the state where it was decided.  Takahashi, 783 F.2d at 850.  In California, a

25   judgment dismissing a cause of action on the ground that it fails to state a cause of action  is

26   generally a judgment on the merits.  Kanarek v. Bugliosi, 108 Cal.App.3d 327, 334 (Ct. App. 1980).

27   This will bar a new action in which the complaint states the same facts in the subsequent action.  Id.;

28   McKinney v. County of Santa Clara, 110 Cal.App.3d 787, 794 (Ct. App. 1980); Sterling v. Galen,

1    242 Cal.App.2d 178, 182 (Ct. App. 1966).  Even where different facts are alleged in the second

2    action it is barred if the ground upon which the action was dismissed is equally applicable to the

3    subsequent action.  McKinney, 110 Cal.App.3d at 794; Sterling, 242 Cal. App. 2d at 182.

4         A prior habeas proceeding can have preclusive effect in a subsequent civil rights action.

5    Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993)(per curiam); Silverton v. Dept. of Treasury,

6    644 F.2d 1341, 1346 (9th Cir. 1981); Clement v. California Dept. Corrections, 220 F.Supp.2d 1098,

7    1108 (N.D. Cal. 2002).

8         Plaintiff's claims in both actions are identical.  Plaintiff alleges that the regulation is and

9    always has been invalid and that the prison applied it to him in an arbitrary and capricious manner.

10   The state court determined that the facts alleged fail to state a claim.  This is a judgment on the

11   merits.

12              **3.       Parties/Privity**

13        Generally a person who is not a party to an action is not entitled to the benefits of res

14   judicata.  However, where "two parties are so closely aligned in interest that one is the virtual

15   representative of the other, a claim by or against one will serve to bar the same claim by or against

16   the other."  Nordhorn, 9 F.3d at 1405.  "There is privity between officers of the same government

17   so that a judgment in a suit between a party and a representative of the United States is res judicata

18   in relitigation of the same issue between that party and another officer of the government."  Sunshine

19   Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940).

20        In his state court case Plaintiff filed suit against Defendant J. Tilton as Secretary of CDCR.

21   In the instant action Plaintiff named Defendant Tilton, who was terminated from the case, as well

22   as the remaining Defendants S. Hay, M. Cooper, M. Sullivan, J. Tennison, and J. Martin.  All

23   defendants are employed by CDCR and are in privity for res judicata purposes. Church of New Song

24   v. Establishment of Religion on Taxpayers' Money, 620 F.2d 648, 654 (7th Cir. 1980).

25        Plaintiff has previously litigated this same claim in state court against  parties in privity with

26   Defendants and received a judgment on the merits.  Therefore, the current suit is barred by the

27   doctrine of res judicata and Defendants' motion to dismiss should be granted.

28   **III.    Conclusion**

1    Based on the foregoing, it is HEREBY RECOMMENDED that:

2    1.    Defendants' motion to dismiss, filed May 4, 2010, be GRANTED, and this action

3          be dismissed with prejudice, under the doctrine of res judicata; and

4    2.    The Clerk be directed to close this case.

5    These Findings and Recommendations will be submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

7    **days** after being served with these Findings and Recommendations, the parties may file written

8    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

9    Findings and Recommendations."  The parties are advised that failure to file objections within the

10   specified time may  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

11   1153 (9th Cir. 1991).

12   IT IS SO ORDERED.

13
     Dated:    November 4, 2010
14                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28